# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JANICE S. ROSS-GEORGE, )
 )
               Plaintiff, )
 )
v. ) No. 06-3435-CV-S-FJG
 )
MICHAEL J. ASTRUE, )
Commissioner, Social Security )
Administration )
 )
               Defendant. )

# ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On April 14, 2006, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On September 1, 2006, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

    Plaintiff argues that the ALJ committed reversible error because the ALJ failed to consider the actual period of disability, failed to give appropriate weight to the treating physician's opinion, failed to properly assess her residual functional capacity, and failed to properly assess her credibility.

    Plaintiff filed her application for disability benefits on April 12, 2004, alleging an onset date of March 1, 2003. The ALJ determined that plaintiff was not disabled in part because she engaged in substantial gainful activity through October 2004. Plaintiff admits that she engaged in substantial gainful activity during this time, but states that after October 31, 2004, her condition worsened and the ALJ failed to consider an amended onset date. Defendant notes that although plaintiff has now apparently amended her onset date, this was not done before the Agency. Thus, defendant states that the period before November 1, 2004 is no longer at issue and at a minimum, the Court should affirm the Commissioner's decision for the period March 1, 2003 through October 31, 2004. Defendant states that if the Court were to find that plaintiff's condition subsequently worsened and that the ALJ's findings were not supported by substantial evidence after that date, then the Court should remand the case to the Commissioner for consideration of the period after October 31, 2004. In support of his conclusion that plaintiff was not disabled, the ALL relied in part on the opinion of a

consultative physician who examined plaintiff in July 2004. This examination was conducted before plaintiff's now amended onset date. Thus, the Court finds that this evidence cannot support the ALL's decision. No other consultative examinations were conducted after the onset date of November 1, 2004. The Court finds that because plaintiff has now amended her onset date, the case should be reversed and remanded to the Commissioner in order to allow consideration of plaintiff's case after October 31, 2004.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALL is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: 12/4/07　　　　　　　　　　　　**S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri　　　　　　　　Fernando J. Gaitan Jr.
　　　　　　　　　　　　　　　　　　United States District Judge